RON BENDER (State Bar No. 143364)
TODD M. ARNOLD (State Bar No. 221868)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234 / Facsimile: (310) 229-1244
Email: rb@lnbyg.com; tma@lnbyg.com

Attorneys for Chapter 11 Debtor and Debtor in Possession

**FILED & ENTERED**

**OCT 14 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio    DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

In re:

GUARACHI WINE PARTNERS INC.,
a California corporation,

Debtor and Debtor in Possession.

Case No.: 1:22-bk-10545-VK

Chapter 11 Case

Subchapter V

**ORDER:**
**(1) APPROVING SALE OF CERTAIN ESTATE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (2)** ~~APPROVING THE *STIPULATION PROVIDING FOR PAYMENT IN FULL OF OUTSTANDING SECURED DEBT OWING TO CITY NATIONAL BANK, N.A.;*~~ **(3) WAIVING THE 14-DAY STAY PERIOD OF BANKRUPTCY RULE 6004(h); AND (4) GRANTING RELATED RELIEF**

**Hearing:**
Date:    October 13, 2022
Time:    2:00 p.m.
Place:    Courtroom 301
21041 Burbank Boulevard
Woodland Hills, CA 91367
**VIA ZOOMGOV**

1

On October 13, 2022, at 2:00 p.m., the Court held a hearing (the "Sale Hearing") to consider approval of the motion (the "Sale Motion") filed by Guarachi Wine Partners Inc., the Chapter 11 debtor and debtor in possession herein (the "Debtor"), for the entry of an order (the "Sale Order"):

(1)      pursuant to 11 U.S.C. §§ 363(b) and (f), approving the sale of the Debtor's remaining wine inventory (the "Inventory") and remaining wine brands and related intellectual property (the "Brands" and, together with the Inventory, the "Assets"), as described in the Motion, free and clear of any and all liens, claims, encumbrances and interests (collectively, "Encumbrances"), to Titan Wine & Spirits, LLC ("Titan") for a purchase price of $430,080.00 (the "Purchase Price");

(2)      pursuant to 11 U.S.C. § 363(m), finding that Titan is a "good faith" purchaser entitled to the protections afforded under 11 U.S.C. § 363(m);

(3)      pursuant to the motion [Dkt. 125] to approve bid procedures, which was granted pursuant to an order of the Court entered on August 22, 2022 (the "Bid Procedures Order") [Dkt. 137], authorizing Sherwood Partners, Inc. ("Sherwood"), the Debtor's Court approved sales agent, to execute and deliver a Bill of Sale of the Assets to Titan;

(4)      authorizing the Debtor to execute such other documents and to take such actions necessary to complete the sale and transfer of the Assets to Titan;

(5)      approving the *Stipulation Providing For Payment In Full Of Outstanding Secured Debt Owing To City National Bank, N.A.* (the "CNB Stipulation") between the Debtor and City National Bank, N.A. ("CNB"), the Debtor's senior secured creditor, which provides for the payment of CNB's outstanding secured indebtedness in full;

(6)      pursuant to the application (the "Sherwood Employment Application") [Dkt. 123] to employ Sherwood as the Debtor's sales agent, which was approved pursuant to an order of the Court entered on August 22, 2022 (the "Sherwood Employment Order") [Dkt. 136], authorizing and directing the Debtor to pay Sherwood a Success Fee (as defined in the Sherwood Employment Application) in the amount of $38,707.20 (*i.e.*, 9% of the Purchase Price of $430,080.00 as specified in the Sherwood Employment Application and Sherwood Employment Order);

(7)      waiving the 14-day stay period set forth in Rule 6004(h) of the Federal Rules of Bankruptcy Procedure to enable the sale of the Assets to close as quickly as possible; and

(8)      providing such other relief as is appropriate under the circumstances.

Appearances were made at the hearing on the Sale Motion as set forth on the record of the Court. The Court, having considered the Sale Motion and the other supportive pleadings and declarations filed by the Debtor in support of the Sale Motion and the statements, arguments and representations of the parties made at the Sale Hearing; and the entire record of this chapter 11 case; and the Court, having determined that the relief sought in the Sale Motion is in the best interests of the Debtor and its estate, and that the legal and factual bases set forth in the Sale Motion and presented at the Sale Hearing establish just cause for the relief granted herein; no objection having been filed to the Sale Motion, and good cause appearing therefor,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.      <u>Findings and Conclusions</u>. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.      <u>Jurisdiction and Venue</u>.  The Bankruptcy Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter relates to the administration of the Debtor's bankruptcy estate and is accordingly a core proceeding pursuant to 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O). Venue of this case is proper in this District and in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      <u>Notice</u>.  The Debtor has provided good and sufficient notice with respect to the Sale Motion and the relief sought therein.  No further notice of the Sale Motion, the relief requested therein or the Sale Hearing is required.

D.      <u>Compliance with the Bid Procedures Order</u>.  The sale process and Auction were conducted in accordance with and otherwise in compliance with the Bid Procedures Order and were fair, proper and reasonably calculated to result in the best value received for the Assets.  The Auction process afforded a full, fair and reasonable opportunity for any party to become a

qualified bidder and to participate in the Auction. As demonstrated on the record at the Sale Hearing, the Debtor (through Sherwood) conducted the Auction process in good faith, without collusion and in accordance with the Bid Procedures Order.

E.    Highest and Best Bid.  The Purchase Price submitted by Titan constitutes the highest or otherwise best offer for the Assets, and will provide a greater recovery for the Debtor's estate than would be provided by any other available alternative. The Debtor's determination (through Sherwood) that the Purchase Price submitted by Titan constitutes a reasonable, valid and sound exercise of the Debtor's business judgment, and is in the best interests of the Debtor and its estate. The Purchase Price to be paid by Titan for the Assets is fair and reasonable, is the highest or otherwise best offer therefor, and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code, the Uniform Fraudulent Conveyance Act, the Uniform Fraudulent Transfer Act, and the laws of the United States.

F.    Arm's Length Transaction.  The sale of the Assets to Titan and Purchase Price submitted by Titan was done without collusion and in good faith.  Titan did not engage in any conduct that would cause or permit the Debtor's sale of the Assets to Titan to be avoided under section 363(n) of the Bankruptcy Code. The Purchase Price to be paid by Titan for the Assets is fair and reasonable, and is not avoidable and shall not be avoided, and no damages may be assessed against Titan or any other party, as set forth in section 363(n) of the Bankruptcy Code.

G.    Good Faith Purchaser.  Titan has proceeded in good faith and without collusion in all respects in connection with the Auction sale process, and Titan is therefore entitled to all of the benefits and protections provided to a good-faith purchaser under section 363(m) of the Bankruptcy Code. Accordingly, the reversal or modification on appeal of the authorization provided herein for Titan to consummate its purchase of the Assets shall not affect the validity of the Debtor's sale of the Assets to Titan or Titan's status as a "good faith" purchaser.

H.    No Successor Liability. Titan is not a successor to the Debtor or its bankruptcy estate nor shall Titan be deemed to be a mere continuation of the Debtor's operations by any reason or theory of law or equity, and Titan shall not be subject to successor liability for any

assets sold or claims that arose or could have been asserted prior to the closing of the Debtor's sale of the Assets to Titan (the "Closing").

I.      Justification for Relief. Good and sufficient reasons for approval of the Debtor's sale of the Assets to Titan have been articulated to the Bankruptcy Court in the Sale Motion and at the Sale Hearing, and the relief requested in the Sale Motion and set forth in this Sale Order is in the best interests of the Debtor and its estate.

J.      Free and Clear.  In accordance with sections 363(b) and 363(f) of the Bankruptcy Code, the consummation of the Debtor's sale of the Assets to Titan will be a legal, valid, and effective transfer and sale of the Assets and will vest in Titan all of the Debtor's right, title, and interest in and to the Assets, free and clear of all Encumbrances.

K.      Prompt Consummation.  The Debtor has demonstrated good and sufficient cause to waive the stay requirement under Bankruptcy Rule 6004(h).  Time is of the essence in consummating the Debtor's sale of the Assets to Titan.

L.      Legal and Factual Basis.  The legal and factual bases set forth in the Sale Motion and at the Sale Hearing establish just cause for the relief granted herein.

M.      Findings and Conclusions.  To the extent any of the foregoing findings of fact constitute conclusions of law, they are adopted as such.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The Sale Motion is **GRANTED** as set forth herein.  The Debtor's sale of the Assets to Titan is approved upon the terms and conditions set forth herein.

2.      The Debtor is authorized to consummate the sale of the Assets to Titan in accordance with this Sale Order.

3.      Titan's Purchase Price for the Assets is the highest and best offer for the Assets and is hereby approved.  As the authorized representative of the Debtor's estate, Sherwood is authorized and directed to execute a bill of sale in favor of Titan for the Assets.

4.      Pursuant to sections 105, 363(b), 363(f) and 363(m) of the Bankruptcy Code, the Assets shall be sold and transferred free and clear of all Encumbrances, with any and all such Encumbrances, including the lien of CNB, to attach to proceeds of the sale with the same validity

(or invalidity), priority, force and effect such Encumbrances had on the Assets immediately prior to the Closing and subject to the rights, claims, defenses, and objections, if any, of the Debtor and all interested parties with respect to any such asserted Encumbrances.

5.     As of the Closing, the Debtor's sale of the Assets to Titan shall constitute a legal, valid, enforceable and effective transfer and sale of the Assets to Titan free and clear of all Encumbrances, and such sale shall be enforceable against and binding upon, and not subject to rejection or avoidance by, any successor thereto including a trustee or estate representative appointed in this case, and all other persons and entities.

6.     This Sale Order shall, as of the Closing, be considered and constitute for all purposes a full and complete general assignment, conveyance, and transfer of the Assets to Titan.  Consistent with, but not in limitation of the foregoing, each and every federal, state, and local governmental agency or department is hereby authorized and directed to accept all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Sale Order.

7.     Titan shall not be deemed, as a result of any action taken in connection with, or as a result of the Debtor's sale of the Assets to Titan, to: (i) be a successor, continuation or alter ego (or other such similarly situated party) to the Debtor or its estate by reason of any theory of law or equity, including, without limitation, any bulk sales law, doctrine or theory of successor liability, or similar theory or basis of liability; or (ii) have, de facto or otherwise, merged with or into the Debtor; or (iii) be a mere continuation, alter ego, or substantial continuation of the Debtor, and Titan shall have no liability whatsoever for any conduct, action or inaction of the Debtor or with respect to the Assets that arose prior to the Closing.

8.     The Debtor's sale of the Assets to Titan is not subject to avoidance by any person or for any reason whatsoever, including, without limitation, pursuant to section 363(n) of the Bankruptcy Code and Titan shall not be subject to damages, including any costs, fees, or expenses under section 363(n) of the Bankruptcy Code.

9.     All entities that are presently, or on the Closing may be, in possession of some or all of the Assets to be sold, transferred, or conveyed (wherever located) to Titan pursuant to this Sale Order are hereby directed to surrender possession of the Assets to Titan on the Closing Date.

10.    Titan shall pay the Purchase Price into the Debtor's debtor-in-possession bank account.

11.    The terms and provisions of this Sale Order shall continue in full force and effect and are binding upon any successor to the Debtor, or chapter 7 or chapter 11 trustee applicable to the Debtor, notwithstanding any such conversion, dismissal or order entry.  Nothing contained in any chapter 11 plan confirmed in this case or in any order confirming such a plan, nor any order dismissing this case or converting this case to a case under chapter 7 of the Bankruptcy Code, shall conflict with or derogate from the provisions of this Sale Order.

12.    The Debtor's sale of the Assets to Titan is being done without collusion and in "good faith," as that term is defined in section 363(m) of the Bankruptcy Code.  Titan is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to the full protections of section 363(m) of the Bankruptcy Code.  Accordingly, the reversal or modification on appeal of the authorization provided herein by this Sale Order shall not affect the validity of the Debtor's sale of the Assets to Titan.

13.    The CNB Stipulation is not approved at this time.  The Debtor shall file a revised CNB Stipulation with the Court and provide creditors with notice that they have seven days to file an opposition to the revised CNB Stipulation.  If no opposition is timely filed to the revised CNB Stipulation, the Debtor is authorized to file a proposed order with the Court for approval of the revised CNB Stipulation along with a declaration stating that no timely opposition was filed to the revised CNB Stipulation.  If a timely objection is filed to the revised CNB Stipulation, the Debtor shall set the matter for a noticed hearing.

14.    Notwithstanding Bankruptcy Rule 6004(h) or any other Local Bankruptcy Rule or otherwise, this Sale Order shall not be stayed for 14-days after the entry hereof, but shall be effective and enforceable immediately upon entry pursuant to Bankruptcy Rule 6004(h) so the Debtor is authorized to consummate its sale of the Assets to Titan immediately.

/ / /

/ / /

/ / /

/ / /

15.    This Court shall retain exclusive jurisdiction to interpret, construe, and enforce the provisions of this Sale Order in all respects.

IT IS SO ORDERED.

### ###

Date: October 14, 2022

Victoria S. Kaufman
United States Bankruptcy Judge